**REISZ v. HARVEY.**

No. 19519.

District Court, N. D. Ohio, E. D.
March 21, 1940.

Hull, Brock & West, and Wm. E. Chilton, all of Cleveland, Ohio, for plaintiff.

Axel V. Beeken, of New York City, and Kwis, Hudson & Kent, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This is a civil action under the laws of the United States for infringement of U. S. Letters Patent No. 1,549,611. The patent covers an improved folding game board containing implements. While the nominal defendant is Fred Harvey, a corporation of the State of New Jersey, it was stipulated that the actual defendant was Selchow & Righter Company of New York City, and that the actual defense would be conducted by that company. The plaintiff relies on claims 2 and 6 of the patent. The answer sets up three defenses: invalidity, non-infringement, and laches. The validity is challenged for numerous reasons. But first in consideration is the question of infringement.

The court finds that the game apparatus sold by the defendant does not infringe the plaintiff's patent, for three reasons:

1. Plaintiff's claim, if construed as a combination (not a mere aggregation), requires that the game board be attached to the frame, and Fig. 1 of plaintiff's patent indicates the game board so attached. Furthermore, the specimens of plaintiff's product —Plffs. Ex. 29, 30, and 31—all have game boards attached. By such attachment the game board becomes one of the hinged flaps. In contradistinction, however, the game apparatus of the defendant does not have a hinged or attached game board. The game board in defendant's apparatus is entirely separate from the frame.

2. Plaintiff's patent calls for a pair of rigid frames. Defendant's apparatus is a single frame. In Plaintiff's Exhibits 29 and 31, the pair of frames are attached by a hinge which enables them to fold against each other, thus forming a more compact package. They are of uniform size. In the accused apparatus (Plffs. Ex. 3) there is no hinge or collapsible part, and the two compartments of the single frame are of different size.

3. The plaintiff's patent calls for flanges on the backing sheet projecting above the frames. The accused apparatus has no such flanges.

If these differences appear slight or inconsequential, it must be borne in mind that the claims of the patent are themselves slight variations from the prior art. Plaintiff's alleged invention covers merely an improvement in the method of folding and holding the game board and implements. A folding checkerboard with frame or compartments for checkers was in existence and use long before the plaintiff filed his application for a patent. Deft's. Ex. W shows that such an apparatus was offered for sale in 1917 and 1918.

For this reason if it should be found that the accused apparatus does infringe plaintiff's patent, then it would have to be held that the defendant Selchow & Righter Co. had anticipated the plaintiff's patent. The apparatus described on p. 60 of the Selchow & Righter Co. catalogue (Defts. Ex. S), being the accused game board, (Plff's. Ex. 26 as identified in testimony of Anderson), was manufactured and offered for sale as early as July 1, 1922. The plaintiff's application was not filed until February 12, 1923. It is contended that plaintiff is entitled to a date of invention earlier than the filing date of the patent upon which he bases his claims herein, by virtue of an earlier patent application. But even that contention does not advance his filing date earlier than July 17, 1922—a half month after the publication of the catalogue of defendant Selchow & Righter Co.

Patent No. 1,530,637 was issued in the name of John I. Anderson and was acquired by Selchow & Righter Co. from Anderson's administrator on July 18, 1934 (Deft's. Ex. M). If claims 2 and 6 of plaintiff's patent should be construed in a manner broad enough to indicate infringement by the accused apparatus, then both patents would have to be held invalid, plaintiff's because anticipated by earlier patents offered in evidence (Cf. Wolfe, 1,135,748 et al.), and the Anderson patent because it infringed.

Counsel for plaintiff emphasize the prima facie validity established by the issuance of a patent and the high degree of proof required to overcome that presumption. But that presumption, of course, applies both to the patent of plaintiff and to the Anderson patent of the defendant. By confining the claims to a narrow interpretation, the validity of the patents is not impaired. The scope of the claims is not extended into

conflict with prior patents. But such interpretation necessarily excludes infringement.

The court's determination of the question of infringement is sufficient to dispose of the case. The court has, however, considered also the defense of laches, and the judgment of the court sustains that defense. Plaintiff filed his application February 12, 1923; Anderson filed his application September 12, 1924. The Anderson patent was issued March 24, 1925, and the plaintiff's patent was issued August 11, 1925. In the same year in which the patents were issued, plaintiff received a letter from John I. Anderson (Pl. Ex. 12) informing him that Anderson held patents issued by the United States, Canada, and England, and calling upon the plaintiff to refrain from manufacturing or selling infringing game boards.

The evidence is also clear that the plaintiff in 1924–1925 had knowledge of the catalogues and advertisements of Selchow & Righter Co. (Pl. Ex. 10, 11, 24, and 25) listing game boards which plaintiff now claims infringe his patent. A diligent assertion of his rights required action on his part at that time. True, Selchow & Righter Co., because of threats by Anderson of suit for infringement (Deft's. Ex. U and V), discontinued listing such game boards for several years, but there was evidence that Anderson manufactured and sold the alleged infringing game boards from 1925 to 1933. As stated above, Selchow & Righter Co. acquired the Anderson patent in 1934 and has been listing and selling the game boards since that date. There was correspondence with Selchow & Righter Co. (Testimony of plaintiff and Pl. Ex. 15), and also some negotiations with Anderson as early as 1925. There was correspondence between the attorneys of plaintiff and of Selchow & Righter Co. in June, 1934, and the attorneys for the company declined to continue negotiations or correspondence. (Testimony of plaintiff). This suit was not instituted until 1938. Plaintiff was aware of the challenge to his patent for thirteen years and did nothing to arrest the manufacture and sale of the alleged infringing articles by Anderson and Selchow & Righter Co. It seems to this court that that was an unreasonable delay and neglect. During the interim the Selchow & Righter Co. developed sales outlets for their product and plaintiff did nothing. Since the plaintiff failed to test the acts and claims of the defendants when he should have done so, his complaint at this time ought not to be entertained.

Complaint dismissed at plaintiff's costs.